**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------------------------x
BRENDA CARMODY                    :     CASE ACTION NO.
        Plaintiff                 :
                                  :     3:15-CV-00115 (AVC)
V.                                :
                                  :
YALE UNIVERSITY                   :
        Defendant                 :     MARCH 12, 2015
------------------------------------------------x
```

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:                              January 20, 2015
Date Complaint Served on Defendant:                January 13, 2015
Date of Removal:                                   January 28, 2015
Date of Defendant's Appearance:                    January 28, 2015

Date Defendant's Response to Complaint is Due:     April 6, 2015

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16(b), 26(f) , undersigned counsel for the parties conferred on March 4, 2015 and various dates thereafter.  The participants were **Amanda M. DeMatteis** for the plaintiff and **Kevin C. Shea** for the defendant.

### I.     CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

**II.     JURISDICTION**

     **A.     Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff has alleged a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612. Supplemental jurisdiction of the remaining claim is based on 28 U.S.C. § 1367.

     **B.     Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.    BRIEF DESCRIPTION OF THE CASE**

     **A.     Claims of Plaintiff**

Plaintiff alleges interference and retaliation in violation of the Family Medical Leave Act stemming from the separation of her employment with Defendant in November 2013.

     **B.     Defenses of Defendant**

Defendant generally denies the legal and factual basis of Plaintiff's claims, as set forth in its Answer and Defenses that will be filed.

     **C.     Defenses and Claims of Third-Party Defendant(s)**

Not applicable.

**IV.    STATEMENT OF UNDISPUTED FACTS**

Undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

     1.     Defendant is an employer located in New Haven, employing more than 75 persons.

2.     Plaintiff was employed by Defendant.

**V.    CASE MANAGEMENT PLAN**

The parties have developed a case management plan and have reached agreement as set forth below.

    **A.     Standing Order on Scheduling Civil Cases**

The parties request a modification of the Standing Order on Scheduling in Civil Cases .

Defendant's Response to Complaint:  April 6, 2015.

Make Initial Disclosure: The parties have agreed to waive the initial disclosures mandated by Fed. R. Civ. P. 26(a)(1) in favor of beginning discovery immediately.

Close of Fact Discovery:  December 4, 2015.

Close of Expert Discovery:  December 4, 2015.

Summary Judgment:  February 4, 2016.

    **B.     Scheduling Conference with the Court**

The parties do not request a  conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    **C.     Early Settlement Conference**

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.     The parties do not request an early settlement conference before a magistrate judge at this time.

3.     The parties do not request a referral for alternative dispute

resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until March 31, 2015 to file motions to join additional parties or to amend the pleadings. Defendant reserves its rights under the Federal Rules of Civil Procedure, the District of Connecticut Local Civil Rules and applicable case law to respond accordingly.

2. Defendant does not anticipate moving to join additional parties.

3.

### E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects: All of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties and damages.

The parties reserve the right to object to discovery requests pursuant to the Federal Rules of Civil Procedure and applicable case law.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may commence upon the filing of this report and will be completed (not propounded) by December 4, 2015.

3. Discovery will not be conducted in phases.

4. Plaintiff anticipates that she will require two to five depositions of fact witnesses. Defendant anticipates it will require two to five depositions of fact witnesses. The depositions may commence upon the filing of this report, and shall be completed by December 4, 2015.

5. The parties may request permission to serve more than twenty-five

interrogatories. .

6. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 1, 2015, a date not later than two months before the deadline for completing all discovery. Depositions of any such experts will be completed by October 2, 2015.

7. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 3, 2015 , a date not later than a month before the deadline for completing all discovery. Depositions of any such experts will be completed by December 4, 2015.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 15, 2015.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information: The parties shall attempt to produce electronically stored information, if any, in hard copy.  Should a party determine that it would be too burdensome to produce documents in hard copy, the parties will meet and confer regarding a mutually agreeable method of production.  The parties will bear their own costs for production.  The parties agree to preserve electronically stored records (as

they may exist) retroactive to the date of the first event alleged in the Complaint. Both sides agree to instruct the parties to preserve these records.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to utilize the privilege log permitted by Fed. R. Civ. P. 26 and as delineated in D. Conn. L. Civ. R. 26(e), which will be submitted in accordance with these rules' terms and conditions and exceptions noted therein. The parties further agree to work with each other in good faith to avoid any discovery dispute. In the event that any information that the parties agree is privileged or subject to work-product protection is disclosed, the party to whom the information is disclosed agrees not to review the information after the privilege or work-product protection is asserted; and further agrees to not duplicate that information and/or disclose it and to promptly return such information to the disclosing party upon request.

If the parties do not agree as to the claim of privilege or protection, the party disputing the claim of privilege or protection has fourteen (14) days from the date the privilege log is supplied to file a motion to compel and/or in camera review. The failure to so move within the agreed-time shall constitute agreement to the claim of privilege or protection.

### F.  **Dispositive Motions**

Dispositive motions will be filed on or before February 4, 2016.

### G.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda

in Civil Cases will be filed by April 4, 2016, or sixty (60) days after this court rules on any summary judgment motion filed by Defendant, whichever is later.

## VI. <u>TRIAL READINESS</u>

The case will be ready for trial by May 4, 2016, or thirty days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

**PLAINTIFF,**

**BRENDA CARMODY**

**DEFENDANT,**

**YALE UNIVERSITY**

*/s/* **Amanda M. DeMatteis**
Amanda M. DeMatteis (ct29413)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
adematteis@cicchielloesq.com
860.866.1024
Fax: 860.296.0676

/s/
Kevin C. Shea
Clendenen & Shea
400 Orange Street
New Haven, CT 06511
203.787.1183
Fax: 203.787.2847

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/* **Amanda M. DeMatteis**
Amanda M. DeMatteis (ct29413)