## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA CARMODY | : | Civil Action NO. |
| | : | 3:15-cv-00115-AVC |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | APRIL 6, 2015 |

### ANSWER AND DEFENSES

The defendant, Yale University ("University"), hereby respectfully files the following Answer to the plaintiff's Complaint ("Complaint"), dated December 26, 2014. Unless specifically admitted herein, the allegations in the Complaint are denied.

1. To the extent that the allegations in Paragraph 1 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 1.

2. The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2 and so denies the same and leaves the plaintiff to her proof.

3. The defendant denies the allegations in paragraph 7, except to admit that the University is a specially chartered corporation organized and existing under and by virtue of a charter granted by the Colony and the State of

Connecticut, and is a co-educational university and not-for-profit corporation with a principal place of business in New Haven, Connecticut.

4. The defendant denies the allegations in Paragraph 4, except to admit that the defendant employs more than 75 people.

5. Paragraph 5 is admitted.

6. The defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 and so denies the same and leaves the plaintiff to her proof.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied. The plaintiff was not laid off from her position as a computer operator on December 31, 2012.

10. Paragraph 10 is denied, except to admit that the plaintiff was at various times offered participation in the Interim Employment Pool ("IEP"), a program that has been the University's primary hiring source for Local 34 Clerical and Technical temporary work assignments.

11. The allegations in Paragraph 11 are denied, except to admit that the plaintiff was placed in a position of fixed duration in the defendant's Geriatrics Department through the plaintiff's participation in the IEP.

12. The allegations in Paragraph 12 are denied, except to admit that the plaintiff, while in this position of fixed duration, applied for intermittent leave of absence under the Family and Medical Leave Acton on August 8, 2011 for the dates of July 1, 2011 to January 1, 2012.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied as framed; the plaintiff did not re-enter the IEP on or around November 2013 as a result of the expiration of any position in the defendant's Geriatrics Department.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

**COUNT ONE**

1-18. The defendant hereby incorporates its responses to Paragraphs 1 through 18 above as its responses to Paragraphs 1 through 18 of Count One, the same as if set forth fully herein.

19. To the extent that the allegations in Paragraph 19 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 19.

20. To the extent that the allegations in Paragraph 20 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 21.

**COUNT TWO**

1-18. The defendant hereby incorporates its responses to Paragraphs 1 through 18 of Count One as its responses to Paragraphs 1 through 18 of Count Two, the same as if set forth fully herein.

19. To the extent that the allegations in Paragraph 19 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 19.

20. To the extent that the allegations in Paragraph 20 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 set forth legal conclusions, the defendant states that no responsive pleading is required. The defendant otherwise denies the allegations in Paragraph 21.

## AFFIRMATIVE AND OTHER DEFENSES

**FIRST DEFENSE**

Some or all of the claims alleged in the Complaint fail to state claims upon which relief may be granted.

**SECOND DEFENSE**

The plaintiff has not been deprived of any right, privilege or immunity secured to her by the United States Constitution or any Act of Congress.

**THIRD DEFENSE**

The plaintiff failed to mitigate her damages, if any, as to which liability is expressly denied.

**FOURTH DEFENSE**

The defendant acted in good faith and for legitimate non-discriminatory business reasons at all relevant times.

**FIFTH DEFENSE**

The defendant would have taken the same actions with respect to the plaintiff without regard to the plaintiff's use of intermittent leave under the Family Medical Leave Act.

**SIXTH DEFENSE**

Some or all of the plaintiff's claims are barred in whole or in part by the doctrine of laches.

**SEVENTH DEFENSE**

Some or all of the plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**EIGHTH DEFENSE**

Damages, if any, were the result of the sole negligence or other behavior of the plaintiff.

**NINTH DEFENSE**

The defendant denies that the plaintiff is entitled to any compensatory damages, costs, fees or equitable relief, and expressly denies any bases for the award of punitive damages.

**PRAYER**

Accordingly, the defendant respectfully requests that the plaintiff take nothing by this suit, and that the defendant be, in all things, discharged and goes hence without delay, and with its costs of suit, and such other further relief, in law or equity, to which it may be justly entitled.

**DEMAND FOR TRIAL BY JURY**

The defendant demands trial by jury.

THE DEFENDANT

BY: _____
Kevin C. Shea (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT  06511
Tel:  203/787-1183
Fax:  203/787-2847
office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was filed electronically on the 6TH day of April 2015.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____
CLENDENEN & SHEA, LLC