UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
BRENDA CARMODY                         :        CASE ACTION NO.
     *Plaintiff*                              :
                                                   :        3:15-CV-00115-AVC
V.                                                       :
                                                   :
YALE UNIVERSITY                        :
     *Defendants*                          :        AUGUST 2, 2016
---------------------------------------------------------x

**AMENDED COMPLAINT**

**INTRODUCTION:**

1. This is an action to redress interference and retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2612, *et seq.*

**PARTIES:**

2. The Plaintiff, Brenda Carmody, was at all times set forth herein a resident of the City of Waterbury, State of Connecticut.

3. The Defendant, Yale University, is specially chartered institution of higher learning located in New Haven, Connecticut.

4. The Defendant employs more than 75 persons at its business locations in New Haven, Connecticut.

**FACTS:**

5. Plaintiff began her employment with the Defendant in or around June of 1996, working as a computer operator.

6. For many years, Plaintiff suffered from a number of serious health conditions, including a seizure disorder stemming from a brain tumor, and ulcerative colitis.

7. In approximately 2009, the Plaintiff was laid off by the Defendant from her position as a Computer Operator.

8. When Plaintiff was laid off, she was offered a position in the Defendant's Interim Employment Pool ("IEP").

9. This was an 18 month program offered by the Defendant where Plaintiff could be hired for temporary positions while also seeking to obtain a new permanent position with the Defendant.

10. Through this program, the Plaintiff was able to obtain a number of short-term temporary positions throughout 2009, 2010, 2011, and 2012.

11. Due to Plaintiff's serious medical conditions, beginning in approximately 2011, or sometime prior thereto, the Plaintiff applied for and began utilizing intermittent leave under the Family Medical Leave Act.

12. While the Plaintiff held temporary positions through the IEP, Plaintiff utilized intermittent FMLA leave and missed a number of days of work.

13. While in the IEP and performing temporary jobs, the Plaintiff applied for a number of permanent positions and was granted a number of interviews.

14. In several interviews, Plaintiff was questioned about how many times she had been out sick or how many days of sick leave she had utilized in the prior year.

15. Even though Plaintiff's absences were approved leave under the FMLA, each time Plaintiff conveyed the number of days she'd been out, Plaintiff was told that she had missed too many days, and as a result, she would not be offered the position she was interviewing for.

16. In one specific instance, Plaintiff was explicitly told that her prior use of FMLA was the reason that she was not going to be hired for the position.

17. Moreover, at least one of the temporary positions the Plaintiff held in the Defendant's Department of Aging was converted to a permanent position, but the Plaintiff was not considered for the position and it was instead awarded to an outside hire.

18. Ultimately, the Plaintiff was unable to secure a permanent position, resulting in the Defendant's IEP program expiring on November 16, 2013, and Plaintiff's employment ending accordingly.

**COUNT ONE:** **Interference in violation of the Family Medical Leave Act, 29 U.S.C. § 2612 *et seq.***

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 18 above as Paragraphs 1 through 18 of this First Count, as if fully set forth herein.

19. The Defendant interfered with Plaintiff's rights under the FMLA by failing to hire Plaintiff for one or more permanent positions based on her prior use of FMLA leave.

20. As a result of the Defendant's actions, the Plaintiff has suffered lost compensation, including lost wages and lost employment benefits.

21. Furthermore, as a result of the Defendant's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**COUNT TWO:** **Retaliation in violation of the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.***

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 18 above as Paragraphs 1 through 18 of this Second Count, as if fully set forth herein.

19. The Plaintiff was retaliated for attempting to exercise and/or exercising her rights under the FMLA because the Defendant considered her prior use of FMLA leave in failing to hire her for one or more permanent positions.

20. As a result of the Defendant's actions, the Plaintiff has suffered lost compensation, including lost wages and lost employment benefits.

21. Furthermore, as a result of the Defendant's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

    THE PLAINTIFF,
    BRENDA CARMODY

    By: /s/ *Michael J. Reilly*
    Michael J. Reilly (ct28651)
    CICCHIELLO & CICCHIELLO LLP
    364 Franklin Avenue
    Hartford, CT 06114
    Tel: (860) 296-3457
    Fax: (860) 296-0676
    Email: mreilly@cicchielloesq.com

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Monetary damages;

2. Front pay or reinstatement;

4. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1);

6. Reasonable attorneys fee and costs; and

7. Such other relief as the Court deems appropriate.

>THE PLAINTIFF,
>BRENDA CARMODY
>
>By: /s/ *Michael J. Reilly*
>Michael J. Reilly (ct28651)
>CICCHIELLO & CICCHIELLO LLP
>364 Franklin Avenue
>Hartford, CT 06114
>Tel: (860) 296-3457
>Fax: (860) 296-0676
>Email: mreilly@cicchielloesq.com

**CERTIFICATION OF SERVICE**

I hereby certify that on August 2, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: /s/ *Michael J. Reilly*
Michael J. Reilly (ct28651)

Case 3:15-cv-00115-AVC   Document 38   Filed 08/02/16   Page 7 of 7